# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**FERRIE ARVADA HAMPTON**                                                     **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:10CV-52-R**

**LIFESKILLS CORPORATION** *et al.*                                    **DEFENDANTS**

## MEMORANDUM OPINION

Acting without the assistance of counsel, Plaintiff Ferrie Arvada Hampton filed this action by filling out a general complaint form. Plaintiff sues the following individuals: Lifeskills Corporation, Dr. Melinda Blunk, Lisa Williams, Tammie Miller, Vicki Goldmen, and Melody Blunk. In the section of the form complaint asking Plaintiff to list the "grounds for filing this case in federal court," he states:

> racial discrimination, publicity, misjudgment, ethical, regional, sex, creed, color, heritage, and act of depressing and robbery or check theft stabbing with needle and snake poisoning, entrapment, harboring, and con for getting mental health warrant

In the section of the form complaint asking Plaintiff to state the basis of his claim in more detail, he states:

> I Ferrie Hampton have a problem racial conflict and have been injured and there a act of menus entrapment and there been some to other damage to teeth stabbed in the back of the human body. There been misconduct with injectionary needle. And lots of public abuse and slander robbery of insurane claim theft of social security dispersements (that is money) and checks, regional, sex, ethical, and color dispute and food stamp theft snake poisoning, bacteria poisoning, and mildew poisoning, broke teeth and for [illegible] mental health warrant and being hurt or injured.

As relief Plaintiff is seeking, "a restraining order . . . suit of settlement and federal representation, new place to live (addit housing) refund of money and to pay for punitive damages and pay for public slander and change debit of social security and [illegible] checks from social security checks that was taken."

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Plaintiff's complaint does not explain how any of the Defendants were involved in the actions described in the complaint nor does the complaint identify any dates that any events occurred. In fact, it is impossible to even discern what exactly Plaintiff is complaining about. Because the Court concludes that Plaintiff's complaint fails to give Defendants fair notice of any civil claim(s) against them, it must be dismissed for failure to state a claim.

Date:


cc: Plaintiff, *pro se*

4413.008